NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMUEL CRUZ-GONZALEZ,

        Plaintiff-Appellant,

  v.

MERRICK B. GARLAND, Attorney
General,

        Defendant-Appellee.

No.   21-70288

Agency No. A200-719-734

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2022**
San Francisco, California

Before:  S.R. THOMAS and GOULD, Circuit Judges, and WU,*** District Judge.

    Samuel Cruz-Gonzalez ("Cruz-Gonzalez" or "Petitioner") petitions for

review of the Board of Immigration Appeals' ("BIA") decision: (1) affirming the

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable George H. Wu, United States District Judge for the
Central District of California, sitting by designation.

Immigration Judge's ("IJ") denial of withholding of removal based on Petitioner's convictions for selling heroin, and (2) vacating the IJ's grant of deferral of removal under the Convention Against Torture ("CAT"), which was based on her finding that it was "more likely than not" that Cruz-Gonzalez would be tortured if returned to Mexico.[1] Petitioner (now 49 years old) claims that he was abused by his father between the ages of five to six and is still afraid of future harm. Further, he claims that unknown individuals murdered his cousin in 2014, and he fears suffering the same fate.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). Where the BIA has considered the IJ's decision and adopted it in part and vacated it in part, we examine both decisions. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

The IJ held, and the BIA affirmed, that Cruz-Gonzalez was ineligible for withholding of removal under the Immigration and Nationality Act ("INA") § 241(b)(3) or under the CAT because his 1990 convictions for selling heroin constituted "particularly serious crimes."[2] For aliens whose controlled substance

---

[1] In his removal proceedings, Petitioner conceded both removability and ineligibility for asylum.

[2] An alien cannot qualify for withholding of removal under the INA or under the CAT if the Attorney General (or his delegate) determines that the applicant:

convictions occurred prior to 2002, the factors set out in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), are applied for purposes of engaging in a case-specific factual analysis.[3]

As stated in *Bare v. Barr*, 975 F.3d 952 (9th Cir. 2020):

> Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), we lack jurisdiction over the BIA's ultimate determination that [the alien] committed a particularly serious crime. But we retain jurisdiction to determine whether the BIA applied the correct legal standard. We review for an abuse of discretion. Under the abuse-of-discretion standard, we may reverse the BIA's decision only if the BIA acted arbitrarily, irrationally, or contrary to law. Our review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion.

*Id.* at 961 (citations and quotation marks omitted).

The IJ and BIA cited to and applied the proper *Frentescu* standard to the

---

"having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii); *see also* 8 C.F.R. § 1208.16(d)(2).

[3] In *In re Y-L-*, 23 I. & N. Dec. 270 (Op. Att'y Gen. 2002), *disapproved of on other grounds by Zheng v. Ashcroft*, 332 F.3d 1186 (9th Cir. 2003), the Attorney General held that drug trafficking offenses are per se "particularly serious crimes" under the INA, unless the alien demonstrates "extraordinary and compelling circumstances that justify treating a particular drug trafficking crime as falling short of that standard." *Id.* at 276. In *Miguel-Miguel v. Gonzales*, 500 F.3d 941 (9th Cir. 2007), we held that the "adjudicative decision" in *In re Y-L-* could not be applied retroactively and, hence, the *Frentescu* analysis is still applicable for convictions that occurred prior to the *In re Y-L-* decision. *Id.* at 951-52. The Government concedes this point because Petitioner's convictions were in 1990.

evidence.[4]  The BIA provided a reasoned explanation for affirming the IJ's

conclusion that Petitioner had committed particularly serious crimes.  *See*

*Dominguez v. Barr*, 975 F.3d 725, 741 (9th Cir. 2020).  Additionally, the BIA did

assess the three pieces of evidence (Petitioner's age at the time of the conviction,

his testimony regarding personal use, and the social worker's evaluation) that

Petitioner claims the BIA failed to address.  The BIA did not abuse its discretion.

Nevertheless, an alien who is deemed ineligible for withholding of removal

may nevertheless qualify for *deferral* of removal under the CAT.  *See* 8 C.F.R. §

1208.17(a); *Delgado v. Holder*, 648 F.3d 1095, 1099 n.7 (9th Cir. 2011) (en banc)

("Deferral of removal and withholding of removal are different forms of CAT

protection.").  An alien seeking deferral of removal bears the burden of proving

that he or she is "more likely than not to be tortured" upon deportation to his or her

home country.  8 C.F.R. § 1208.17(a); *see also Hosseini v. Gonzales*, 471 F.3d

953, 959 (9th Cir. 2006).  The factors to consider in such an assessment are

delineated in 8 CFR § 1208.16(c)(3), including "[e]vidence that the applicant could

relocate to a part of the country of removal where he or she is not likely to be

tortured."

---

[4] The *Frentescu* factors are "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community."  18 I. & N. at 247.

Because it vacated the IJ's decision regarding the deferral of removal under the CAT, the BIA was required to review the IJ's findings of fact under a "clearly erroneous" standard and determinations on questions of law under a de novo standard. *See Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012). The BIA did not err in finding that the IJ's conclusion (that it was more likely than not that Petitioner would be tortured if removed to Mexico) was clearly erroneous.

The past torture that Cruz-Gonzalez suffered consisted entirely of his father's mistreatment of him when he was five to six years old on the family farm, over 43 years ago. After his grandmother removed him from the farm at the age of seven, Petitioner did not experience any further harm.[5] There is no evidence in the record that any public officials were aware of his mistreatment. At the time of the 2018 hearing, Petitioner conceded that he did not know where his father was or even if he were still alive.[6] Likewise, Petitioner's cousin's murder provided no

---

[5] The BIA correctly distinguished the sole case relied upon by the IJ for the proposition that past incidents of mistreatment can constitute "permanent and continuing harm" that supports a finding of future torture. The BIA noted that *Mohammed v. Gonzales*, 400 F.3d 785 (9th Cir. 2005), involved entirely different facts (*e.g.*, the "widespread practice" of female genital mutilation ("FGM") in Somalia) and a totally different legal context (*i.e.*, a claim of ineffective assistance of counsel due to the failure to raise the alien's past FGM).

[6] *See Konou v. Holder*, 750 F.3d 1120, 1125 (9th Cir. 2014) (stating that the BIA was not required "to presume that [petitioner] would be tortured again because of his own credible testimony that he had been subjected to torture as a homeless child"); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029-30 (9th Cir. 2019) (stating

support for deferral of removal because Petitioner had no evidence as to who committed the murder, and he had no knowledge as to why the murder was perpetrated. Finally, as to Cruz-Gonzalez's argument against his relocation to other parts of Mexico because of the level of corruption/lawlessness in that country and his "unfamiliarity" with Mexico, the BIA found that the evidence clearly supported the conclusion that he could safely live apart from his father − that is sufficient. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (holding that the BIA did not err in denying deferral under the CAT where the alien merely referenced generalized evidence of violence and crimes not particularized to him, and his hearing from "a lot of people" that returnees from the United States are perceived as having money, which may cause them to become targets of Mexican gangs); *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022) ("[T]he reasonableness of a relocation is not relevant to a CAT claim, where the agency considers only whether safe relocation is possible, not whether it is reasonable (or comfortable or convenient).").

**PETITION FOR REVIEW DENIED.**

---

that the absence of evidence that any feared actor has sought the petitioner or has any continuing interest in him undermines a CAT claim).